IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 13-MJ-01071-BNB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSEPH EZEKIEL VIGIL,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on May 2, 2013. The court has taken judicial notice of the court's file and the pretrial services report.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense

prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

   (1)   [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

   (2)   the weight of the evidence against the person;

   (3)   the history and characteristics of the person, including –

         (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

         (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case.  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the **Indictment** with Conspiracy to Possess with the Intent to Distribute and to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance in violation of Title 21 U.S.C. §§ 841(a)(1)l (b)(1)(A) and 846.

Based upon the Indictment, I find probable cause exists that the defendant committed the charged offenses.

Second, I find that the Rebuttable Presumption of Detention applies based upon Count One in the Indictment.  Defendant has not rebutted that presumption. Moreover, the Defendant is disabled and unemployed.  Defendant has no financial ties to Colorado.  Defendant has suffered nine (9) prior failures to appear, four (4) prior failures to pay and two prior failures to comply, which resulted in the issuance of warrants.  Defendant has had his probation revoked in Las Animas County Court Case No. 05-m-303.  Defendant has suffered numerous misdemeanor convictions for DUR (twice convicted), Menacing-Use of a Deadly Weapon, No Driver's License, Disorderly Conduct, (twice convicted), Harassment - Inconvenient hours, and Driving Under Financial Responsibility Act Suspension.  Defendant has suffered two petty offense convictions for Possession of One Ounce or Less of Marijuana.  Defendant has a pending criminal case in the Las Animas County Court Case No. 12R231 for Driver's License-Permit Unauthorized Minor to Drive.   Defendant's Colorado Driver's License is revoked.  Defendant has admitted to recent illicit drug use.  Defendant has admitted to using, in the past, alcohol while under age, cocaine, heroin, methamphetamine and abusing other prescription drugs.

In light of these facts, I  find, by clear and convincing evidence, that the Defendant is a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure the appearance of the

defendant and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 2nd day of May 2013.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge